IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KENNETH F. BENNETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, a New Jersey corporation, and ERA MORTGAGE, a dba of PHH Mortgage Corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:14-CV-316 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. Plaintiff has failed to respond to the Motion and the time for doing so has now passed. For the reasons discussed below, the Court will grant Defendants' Motion.

I. BACKGROUND

Plaintiff executed a deed of trust in favor of Defendant ERA Mortgage ("ERA") on March 14, 2007, securing a loan in the amount of $281,700.00. Plaintiff fell behind on his loan payments and applied for a loan modification.

Plaintiff and ERA entered into a loan modification agreement on May 25, 2011 (the "May 2011 modification"). Under the May 2011 modification, $60,903.27 of the principal was deferred, leaving an interest bearing principal of $229,885.00. Plaintiff was charged an interest rate of 5.000% with payments to begin on May 1, 2011. The agreement stated that Plaintiff understands and agrees that "[a]ll the rights and remedies, stipulations, and conditions contained

1

in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder."[1]

On May 26, 2011, Plaintiff was informed via email that he would be required to make payments for both May and June in the amount of $1,327.95. Plaintiff alleges that he made all required payments. However, the documentation he provided does not reflect sufficient payment for either May or June 2011.[2] As a result of this nonpayment, Plaintiff was in default.

On September 2, 2011, Defendant PHH Mortgage ("PHH") sent Plaintiff a Notice of Intention to Foreclose, notifying Plaintiff that he was in default for the May 2011 payment. On September 23, 2011, PHH sent Plaintiff a Notice of Intention to Foreclose based on the June 2011 payment. A similar letter was sent on May 21, 2012, based on the February 2012 payment.

Rather than proceeding with foreclosure, PHH presented Plaintiff a new modification agreement in October 2012. The new agreement offered to "suspend collections and or foreclosure" if Plaintiff made payments of $1,289.40 by November 1, 2012, December 1, 2012, and January 1, 2013.[3] However, the letter warned: "If each payment is not received by PHH Mortgage on the date in which it is due, you will no longer be eligible for a loan modification and your loan will not be modified."[4]

---

[1] Docket No. 2-1 Ex. 1, at Ex. A.

[2] Plaintiff has provided copies of cancelled checks from April 22, 2011, May 23, 2011, and July 4, 2011. The April payment was not in the amount required under the May 2011 loan modification agreement. It is unclear whether the May 23, 2011 check, which was in the correct amount, was applied to Plaintiff's May or June obligation. Regardless, Plaintiff did not provide sufficient payments under the modification agreement for one of those months.

[3] Docket No. 2-1 Ex. 1, at Ex. G.

[4] *Id.*

Plaintiff contends that he made all of the required payments under the proposed modification. However, Plaintiff's cancelled checks show that, at least as to the November 2012 payment, PHH did not receive the payment by November 1, 2012, as required by the agreement.

Plaintiff was provided a new loan modification agreement in January 2013 (the "January 2013 modification"). Plaintiff signed the January 2013 modification agreement, but Defendants did not. On January 14, 2014, PHH sent a Notice of Intention to Foreclose.

Plaintiff was provided yet another modification agreement on March 6, 2013 (the "March 2013 modification"). Plaintiff did not sign the March 2013 modification agreement. Thereafter, Plaintiff stopped making any payments on his loan.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[8]

---

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

3

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[10]

When evaluating a motion to dismiss, the Court considers "not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference."[11] "[I]f there is any dispute between the allegations in the complaint and the attached exhibits, the exhibits control."[12]

### III. DISCUSSION

Plaintiff asserts the following causes of action: (1) specific performance, (2) injunction, (3) breach of contract, (4) breach of the implied covenant of good faith and fair dealing, (5) failure to comply with modification requirements under state and federal law, and (6) intentional infliction of emotional distress. Each cause of action will be discussed in turn.

---

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[10] *Iqbal*, 556 U.S. at 679 (internal quotation marks and citations omitted).

[11] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[12] *Wood v. Houghton Mifflin Harcourt Publ'g Co.*, 569 F. Supp. 2d 1135, 1139 (D. Colo. 2008) (citing *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969)); *see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1327 (3d ed. 2004) ("[W]hen a disparity exists between the written instrument annexed to the pleadings and the allegations in the pleadings, the terms of the written instrument will control, particularly when it is the instrument being relied upon by the party who made it an exhibit.").

Plaintiff seeks specific performance of the January 2013 modification. The documents provided by Plaintiff show that, while Defendants sent Plaintiff the proposed modification, Defendants did not sign or record the modification. "Specific performance is an equitable remedy which 'cannot be required unless all terms of the agreement are clear. The court cannot compel the performance of a contract which the parties did not mutually agree upon.'"[13] As Defendants did not agree to the January 2013 modification, Plaintiff's request for specific performance must be denied.

Further, "in order to claim specific performance, a party must either perform or tender performance, in accordance with the covenants in his contract."[14] Plaintiff made only one of the payments required under the January 2013 modification agreement and stopped paying completely after March 1, 2013. As Plaintiff failed to make the loan payments required under the modification, he is not entitled to specific performance and this claim must be dismissed.

Plaintiff next seeks an injunction. "[I]njunctions are forms of relief, not independent causes of action."[15] Further, injunctive relief requires, among other things, that Plaintiff show a likelihood of success on the merits.[16] As will be discussed, Plaintiff's claims fail. Therefore, he cannot show entitlement to injunctive relief.

Plaintiff's third and fourth causes of action are for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff first asserts that Defendants breached the May

---

[13] *1-800 Contacts, Inc. v. Weigner*, 127 P.3d 1241, 1243 (Utah Ct. App. 2005) (quoting *Pitcher v. Lauritzen*, 423 P.3d 491, 493 (Utah 1967)).

[14] *Fischer v. Johnson*, 525 P.2d 45, 47 n.3 (Utah 1974).

[15] *Capener v. Napolitano*, No. 2:11-CV-601 DN, 2012 WL 1952199, at *2 (D. Utah May 30, 2012).

[16] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

2011 modification. "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[17] Plaintiff fails on the second element. As set forth above, Plaintiff did not perform under the May 2011 modification as he did not submit proper payment for either May or June.

"As a general rule, every contract is subject to an implied covenant of good faith."[18] Under the covenant, there is "an implied duty that contracting parties refrain from actions that will intentionally destroy or injure the other party's right to receive the fruits of the contract."[19]

Plaintiff asserts that "Defendants have not negotiated the mortgage modification in good faith."[20] This is a conclusory statement that need not be accepted by the Court. Plaintiff appears to base his claim for a breach of the implied covenant of good faith and fair dealing on the May 2011 modification. Plaintiff asserts that he consistently made payments in accordance with this agreement. However, as discussed, this is not the case. Plaintiff alleges that "Defendants intentionally delayed each loan modification process in order to proceed to foreclosure."[21] Again, this statement is not support by factual averments and, indeed, the records provided by Plaintiff demonstrate just the opposite. Defendants repeatedly offered Plaintiff the opportunity to receive a loan modification. Plaintiff, however, failed to comply with the requirements of the

---

[17] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 391 (Utah 2001).

[18] *Brown v. Moore*, 973 P.2d 950, 954 (Utah 1998) (citation and internal quotation marks omitted).

[19] *Young Living Essential Oils, LC v. Marin*, 266 P.3d 814, 816 (Utah 2011) (citation and internal quotation marks omitted).

[20] Docket No. 2-1 ¶ 75.

[21] *Id.* ¶ 79.

respective agreements and eventually failed to make any payments on the loan.  Therefore, this claim fails.

Plaintiff next asserts a claim for failure to comply with modification requirements under state and federal law.  Plaintiff, however, fails to identify which laws Defendants allegedly violated or how Defendants did so.  Without more, this claim fails.

Plaintiff's final claim is for intentional infliction of emotional distress.  In order to state a claim for intentional infliction of emotional distress, Plaintiff must allege that Defendants

> intentionally engaged in some conduct toward the plaintiff, (a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and [their] actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality.[22]

Plaintiff's allegations fall well short of what is required under Utah law to demonstrate intentional infliction of emotional distress.  Therefore, this claim must be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 9) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

DATED this 14th day of July, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[22] *Anderson Dev. Co. v. Tobias*, 116 P.3d 323, 338 (Utah 2005) (internal quotation marks omitted).